UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v.                              )    Docket No. 1:19-cr-10459-RWZ<br>)<br>RAEKWON PARIS          )<br>) | |

**MOTION FOR DOWNWARD DEPARTURE
FOR TIME SERVED**

Now comes the defendant, Rae-Kwan Paris, who asks that this Honorable Court grant him a downward departure, pursuant to United States Sentencing Guidelines (USSG) ¶ 5K2.23, for the time he served in the Bristol House of Corrections in relation to New Bedford District Court, Docket No. 1933-CR-000915 (the "New Bedford Case"). The government does not object to this motion for downward departure. As grounds therefor he states as follows:

1. Mr. Paris has pled guilty to one count of conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

2. One of the two underlying offenses supporting this plea was conspiracy to possess cocaine with intent to distribute. As explained at the change of plea hearing, and in the Presentence Investigation Report (PSR), the conduct forming the basis of this activity was the subject of Mr. Paris' earlier conviction, in the New Bedford District Court, Docket No. 1933-CR-000915. (Plea Agreement ¶ 4; PSR ¶ 89.)

3. The government does not object to this motion for a downward departure. (Plea Agreement, ¶ 4.)

4. The Sentencing Guidelines provide an appropriate mechanism for making this downward departure. Sentencing Guidelines provision § 5K2.23, provides:

   > A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

> If . . . and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]

Because Mr. Paris has completed serving a term of imprisonment for conduct that is relevant conduct to the instant offense, and, had that sentence been undischarged at the time of sentencing, it would have been adjusted per the terms of § 5G1.3(b), he is entitled to a downward departure pursuant to § 5K2.23.

5. The PSR noted that these were circumstances in which "the Court may wish to consider" this departure for a sentence outside of the applicable advisory guideline range." (PSR ¶ 138.)

6. The interests of justice require the granting of this motion.

Respectfully submitted,

RAEKWON PARIS
By his attorney,

/s/ Inga S. Bernstein
Inga Bernstein (BBO #627251)
ZALKIND DUNCAN & BERNSTEIN LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

April 6, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document, filed through the ECF system this day, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Inga S. Bernstein